**Belivia JEWELL, Appellant,**

v.

**Margaret HECKLER, Secretary, Health & Human Services, Appellee.**

**No. 84–2104.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 26, 1984.

Decided Feb. 21, 1985.

Thomas E. Dittmeier, U.S. Atty., Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for appellee; Paul P. Cacioppo, Regional Attorney, Region VII, Kristi A. Schmidt, Atty., Kansas City, Mo., o the Brief, Dept. of Health and Human Services, of counsel.

Therese Schellhammer, Little, Million, Terando, Schellhammer & Associates, P.C., Poplar Bluff, Mo., for appellant.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Belivia Jewell, a 44 year old woman with an eighth grade education and no vocational training, was employed as a sewing machine operator from 1965 to 1979. She was hospitalized in January of 1979 when she underwent the removal of the L–4 disc. She returned to her job and worked until October 5, 1981, at which time the plant closed. Jewell then filed an application for social security benefits, which was administratively denied. She subsequently appealed to the United States District Court for the Eastern District of Missouri. That court affirmed the decision of the Secretary. 590 F.Supp. 745.

Jewell contends on appeal that there was not substantial evidence to support the decision of the Secretary. We agree. The appellant and her neighbor both testified at the hearing that the plaintiff was unable to do any work because of the pain that she suffered, both at rest and upon movement. Jewell's treating physician, Dr. A.D. Brookreson, diagnosed her condition as follows: "1. Lumbar Disc Surgery. 2. Residual Neuropathy, Left Lower Extremity,

Secondary to Lumbar Disc. 3. Degenerative Arthritis, Early, with Multiple Joint Involvement." He stated in a separate letter that Jewell was unable to do any work.

Dr. Thomas G. Otto submitted a detailed report in which he stated that the plaintiff was taking several medications, including Fiorinal and Tolectin; the first a pain killer and a sedative, and the second an anti-arthritic drug used to reduce inflammation. He went on to state that Jewell was obese, being a 5'7" woman who weighed 195 pounds. He concluded that "it would be very difficult to rehabilitate this lady to employment even though she is 43 years of age." Jewell was finally examined by Dr. Raymond A. Ritter, Sr., on October 13, 1982. He reported as follows:

> This woman has difficulty in elevating her extended legs but she has deep tendon reflexes at both the ankles and knees bilaterally. This woman also has diminished sensation and numbness on the dorsum of her feet and a complete numbness over the dorsum of the great toe right side. Her back is stiff and there is paravertebral tenderness and rigidity. She is not able to stoop and in her attempt to stoop she is only able to reach the level of her knees. She is not able to squat because of pain her back and stiffness. This woman states that she gets quite depressed and nervous because of her disability.

>   *    *    *    *    *    *

> It is my opinion that this woman has sufficient pain and disability to make it undesirable for her to be gainfully employed and I do not believe that she could perform a days work in her present condition. She handles herself in a very guarded manner in every respect which is not in keeping with an employable person as far as manual labor is concerned. She is able to get around to the extent of meeting her own needs and all of this but her employability in my mind is not possible or feasible.

There is no contrary lay or medical testimony.

The administrative law judge appears to have based his opinion on the following:

(1) That Jewell does not receive physical therapy or participate in an exercise program. This question was answered in the report of Dr. Ritter.

(2) That Jewell was not taking any medication. This was answered in the report of Dr. Otto.

(3) That the severity of her back pain is not corroborated by active medical treatment. Again, this is answered by the fact that the doctors had no program to suggest to relieve the pain, other than to take the prescribed medication.

(4) That Jewell's statement of totally disabling pain is not credible. No reason is given for failing to credit her testimony. To the contrary, her testimony was corroborated by that of a neighbor, the treating doctor, and the two examining doctors. It is also corroborated by an unrebutted description of the activities that Jewell engages in on a day-to-day basis, and this testimony indicates that she does not even do her own housework.

It might be that under a rigorous program of weight reduction and therapy that the disabling pain and the limitation of motion could be treated so that it would be possible for Jewell to return to work, but none of the treating doctors have indicated that this is possible and there is no testimony presented by a vocational therapist or other witnesses that this is feasible. Under the circumstances, we have no alternative but to find that Jewell is disabled as of October 5, 1981 and is entitled to benefits from that date. Reversed and remanded to the Secretary for proceedings consistent with this opinion.